UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP J. COLWELL,<br><br>Defendant. | No. 2:12-cr-00073-TLN-CKD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE OF NON-EVIDENTIARY PROPERTY** |

This matter is before the Court on Defendant Phillip Colwell's ("Defendant") Motion for Release of Non-Evidentiary Property. (ECF No. 108.) Defendant moves for the release of a number of items the Defendant states were seized pursuant to a "Sacramento Police Department Warrant." (ECF No. 108 at 1.) The Defendant states that none of the items were used in evidence against him and he requests the release of the items to a family member he names at an address he provides in his motion. (ECF No. 108 at 1.)

"A person aggrieved by … the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) is equitable and a court is not required to order relief if the defendant has an adequate remedy to challenge possession, such as an administrative action. *United States v. U.S. Currency*, $83,310.78, 851 F.2d 1231, 1235 (9th Cir. 1988). When the property is no longer needed for evidentiary purposes, the defendant is presumed to have a right to the property and the government bears the burden to demonstrate it has a legitimate

1

reason to retain the property. *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (citing *United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir. 1987); *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013)).

The Ninth Circuit has identified four factors that courts must consider before exercising equitable jurisdiction to order the return of property when no criminal proceedings are pending: (1) whether the government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and the need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance. *Ramsden v. United States*, 2 F.3d 322, 324–25 (9th Cir. 1993); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

The Defendant has described the seizure as pursuant to a Sacramento Police Department Warrant and provided a warrant number, 11SW01032. He indicates that some but not all seized items may have been used in evidence in his federal case. The Defendant has not indicated whether a federal or state agency has possession of these items, which agency that is, or what efforts the Defendant has made administratively to request release of the listed items. When an administrative remedy is available, the Court need not exercise its discretion to craft an equitable remedy. *U.S. Currency*, $83,310.78, 851 F.2d at 1235. Defendant can pursue return of the property directly with the Sacramento Police Department or federal investigative agency, and Defendant may renew his motion if he is unable to resolve the issue administratively.

Accordingly, the Court DENIES without prejudice Defendant's Motion for Release of Non-Evidentiary Property, (ECF No. 108).

IT IS SO ORDERED.

Dated: June 25, 2018

Troy L. Nunley
United States District Judge

2