UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. COLWELL,<br><br>　　　　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. 12-cr-00073-TLN-CKD-1<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, filed an amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed an opposition (ECF No. 86), and movant has filed a reply (ECF No. 93). For the reasons discussed herein, the undersigned recommends denying movant's 28 U.S.C. § 2255 motion.

**I.    Factual and Procedural Background**

On February 23, 2012, movant was charged with using the mail or a facility of interstate commerce to induce a minor to engage in unlawful sexual conduct, transmitting obscene materials to a minor, and producing visual depictions of a minor engaged in sexually explicit conduct. ECF No. 3. The charges involved two underage male victims with whom movant had either sent graphic images of his male anatomy or photographed in sexually explicit poses.

The parents of the first male victim contacted police in October 2011 after receiving sexually graphic text messages on their son's cell phone which they had taken away from him as

punishment for misbehavior. ECF No. 15 at 19 (Factual Basis for Plea). The ensuing police investigation led to movant's arrest at a location where he agreed to rendezvous with the first male victim, who in reality was a Sacramento County police detective that had responded to movant's text messages received since the victim's cell phone had been turned over to police. ECF No. 15 at 22.

A subsequent search of movant's cell phone, home computer, and a Kodak camera revealed multiple text messages and photographic images of an individual who was later identified as a 16-year old boy. ECF No. 15 at 23-25. This juvenile, hereinafter referred to as Victim Two, was interviewed by police and admitted meeting up with movant for the purpose of engaging in sexual activity on two occasions. ECF No. 15 at 25-26. During these encounters, movant tied Victim Two to his bed, poured hot wax on his body, and sodomized him. ECF No. 15 at 25-26. On the second encounter, movant took photos of Victim Two which were subsequently located on movant's computer and were taken with the camera seized from movant's vehicle. ECF No. 15 at 27-28.

At the time of his arraignment on the federal charges, movant was represented by Federal Public Defender Jeffrey Staniels. ECF No. 7 (minutes of initial appearance). On April 13, 2012, movant entered a guilty plea to all three counts in the indictment pursuant to the terms of a written plea agreement. See ECF Nos. 13 (minutes of change of plea hearing), 15 (plea agreement). At the time of the guilty plea, movant was represented by Federal Public Defender Matthew Scoble. ECF No. 15. On December 3, 2012, the court appointed attorney Michael Aye to substitute in as movant's counsel. See ECF No. 26 (substitution order). Prior to sentencing, movant was evaluated for competency. See ECF Nos. 28 (minutes of status conference requesting competency evaluation); 37 (minutes of competency hearing). On July 10, 2014, movant was sentenced to 360 months imprisonment and a lifetime term of supervised release. ECF No. 52 (Judgment and Commitment Order).

Movant appealed his conviction and sentence to the Ninth Circuit Court of Appeal. See ECF No. 53 (notice of appeal). On April 30, 2015, the court of appeal dismissed movant's appeal based on the valid waiver of his right to appeal contained in his plea agreement. ECF No. 69.

Movant filed his original motion to vacate, set aside or correct his sentence on April 18, 2016. See ECF No. 77. Before respondent filed an answer, movant filed an amended § 2255 motion on May 11, 2016 which is the operative pleading pending before the court. In his amended § 2255 motion movant raises twelve separate ineffective assistance of counsel claims some of which contain numerous sub-claims.[1] ECF No. 85 at 4-17.

**II.     Legal Standards**

28 U.S.C. § 2255 provides, in pertinent part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." A Section 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under the Sixth Amendment. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

In this case, movant entered a guilty plea to all three counts in the indictment. The types of claims a prisoner may assert to challenge a guilty plea and the resulting sentence are substantially more limited than the types of claims which may be brought after a trial by jury:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755 (1970). More generally, any claims which do not concern whether the prisoner entered his plea voluntarily and intelligently are rarely cognizable in any federal habeas action. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense

---

[1] Although movant was represented by three separate attorneys, the court finds it unnecessary to identify the specific attorney by name whose conduct is challenged in each of the claims for relief. The court generically refers to movant's attorneys hereinafter as "defense counsel." For the court's convenience, movant's claims are not addressed as ordered in the amended § 2255 motion. Instead, the court has grouped the claims into categories for purposes of aiding the court's analysis.

3

> with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Mann v. Richardson, 397 U.S. 759, 771 (1980). To establish that a guilty plea was involuntary due to ineffective assistance of counsel, movant must show that: (1) counsel's recommendation to plead guilty was not within the range of competence demanded of attorneys in criminal cases; and (2) that there is a reasonable probability that, but for counsel's errors, movant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

If the court finds that movant's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under § 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) movant alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is necessary if movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

### III. Analysis

The majority of movant's claims are either barred by his guilty plea or belied by the record. See Tollett v. Henderson, 411 U.S. at 267. The court will address these claims first and then turn to the remaining claims on the merits.

/////

**A. Pre-Plea Claims**

The pre-plea constitutional violations asserted by movant are subject to dismissal by the court based on his subsequent guilty plea. See Tollett v. Henderson, 411 U.S. at 267 (stating that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."); United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (explaining that guilty plea generally waives all claims of a constitutional nature occurring before plea). These asserted pre-plea constitutional violations include the following ineffective assistance of counsel claims for failing to: file a motion to suppress "on several warrant violations;" challenge the search warrants; investigate the victim's allegation of rape that lacked supporting evidence; investigate the age of the victim based on his use of gateway adult websites; challenge a Miranda violation; file a motion based on a Brady violation due to discovery omissions; challenge the use of a cell phone by the victim to coerce and entice movant; recognize movant's dyslexia and to seek assistance for it; and challenge the indictment on the basis that text and pictures were received by an adult and not Victim One. All of these claims are barred by movant's guilty plea and subsequent admissions under oath that he was guilty of the three offenses charged in the indictment. See Tollett v. Henderson, 411 U.S. at 267; ECF No. 63 at 6-12 (change of plea transcript). Therefore, the court finds that movant's guilty plea waived these antecedent constitutional violations and are barred by Tollett.

**B. Claims Belied by the Record**

In another claim for relief, movant alleges that his defense counsel was ineffective for obtaining his guilty plea by coercion and physical abuse. The only specific allegation of "physical abuse" occurred during movant's arraignment when defense counsel allegedly grabbed movant's arm and "yanked it down very abruptly." ECF No. 85 at 41. Regarding his guilty plea, movant merely asserts that his defense attorney "was very demanding" and "too busy with other cases." ECF No. 85 at 42. According to the allegations in the amended § 2255 motion, defense

////
////
////

counsel started "verbally assaulting" movant after he entered his guilty plea following a letter that movant wrote to the judge trying to fire counsel and change portions of his plea agreement.[2] See ECF No. 85 at 42-43; ECF No. 21 (Letter by Phillip J. Colwell). However, none of these allegations rise to the level of duress or coercion that would render movant's guilty plea involuntary as a matter of law. Compare Diamond v. United States, 432 F.2d 35, 40-41 (9th Cir. 1970) (remanding § 2255 motion for an evidentiary hearing where movant specifically alleged that he pleaded guilty due to constant beatings and rape by L.A. Sheriff Officers' while confined prior to trial); see also Doe v. Woodford, 508 F.3d 563, 572 (9th Cir. 2007) (recognizing that the decision to pled guilty can be difficult but noting that the fact that one might struggle with the decision and come to regret it later does not render it coerced). Moreover, these allegations are contradicted by movant's sworn statements during the plea colloquy in which he indicated that no one had "attempted in any way to force or threaten" him into pleading guilty. ECF No. 63 at 6 (plea transcript). Such statements made in open court at the time of the plea are entitled to a presumption of verity and are given great weight by the court. See Blackledge v. Allison, 431 U.S. 63, 73-74 1977); see also United States v. Kazcynski, 239 F.3d 1108, 1114-15 (9th Cir. 2001) (stating that "substantial weight" must be given to in-court statements). Accordingly, this claim should be denied because it is belied by the record.

To the extent that movant claims that his counsel was ineffective for failing to investigate and/or challenge his competency, this claim is contradicted by the record. A review of the docket in this case demonstrates that defense counsel continued the sentencing hearing in order to have a competency evaluation performed based on movant's assertion that he did not understand the plea process. See ECF Nos. 28 (minutes of status conference), 29 (competency evaluation order). Following completion of the evaluation, the court found that movant was competent. See ECF No. 37 (minutes of competency hearing). The claim that defense counsel failed to challenge movant's competency is belied by the record. Moreover, movant does not explain anything further that defense counsel could or should have done following completion of this competency

---

[2] These allegations are also entirely conclusory and therefore do not warrant relief. See James v. Borg, 24 F.3d 20 (9th Cir. 1994).

evaluation by the BOP that would have changed the result. In this regard, the claim is entirely conclusory and fails for this additional reason. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). For all these reasons, this claim should be denied.

Movant also asserts that his counsel was ineffective at sentencing for failing to challenge the victim impact statement regarding movant's HIV status. This claim is contradicted by the sentencing transcript. Defense counsel informed the court that "[t]here is no indication that my client has had or has any kind of sexual[ly] transmitted disease or that he is HIV positive, despite years of continuous testing and medical treatment, so I raise some exception with that victim impact statement where there's allegation of a belief that my client somehow gave syphilis or HIV or whatever to this victim. If you don't have it, you can't give it." ECF No. 86-11 at 7:21-8:2 (sentencing transcript). As a result of this challenge by defense counsel, the government essentially conceded the issue and the sentencing judge did not consider that portion of the victim impact statement in determining movant's sentence. ECF No. 86-11 at 8:14-9:2; Id. at 9:13-19. In light of these statements at sentencing, it is clear that defense counsel did indeed challenge the victim impact statement as it relates to HIV status. Accordingly, defense counsel's conduct was not deficient under Strickland. Movant also fails to demonstrate any prejudice resulting from Victim Two's HIV allegation. The court made it clear that it was not considering this information when calculating movant's sentence. Therefore, movant is not entitled to any relief on this claim. See Strickland, 466 U.S. at 668.

**C. Conclusory Claims for Relief**

In his amended § 2255 motion, movant makes additional sweeping and conclusory claims that are not factually supported by any record evidence or analysis. Movant asserts in conclusory fashion that his attorney was ineffective for not challenging the inconsistent statements in the victim impact statement or the sentencing guidelines in the presentence report.[3] However, movant never identifies what victim statements should have been challenged much less how these

---

[3] By way of example, movant states in his reply that counsel's "failure not to challange [sic] all aspect of Victim # 2['s] impact statement of allegation, as well as all other issues related in the PSI, in a timely manner, effect[ed] Petitioner's outcome." ECF No. 93 at 6.

statements were inconsistent.  Additionally, movant does not identify what portion of the sentencing guidelines necessitated an objection by counsel.  Even more lacking in movant's pleadings is any assertion that these purported errors by counsel were prejudicial.  For all of these reasons, these claims for relief should be denied.  See James v. Borg, 24 F.3d 20 (9th Cir. 1994).

### D. Claims that Fail on the Merits

Movant faults his counsel for not filing a suppression motion in light of Riley v. California, 573 U.S. 373 (2014), which was decided after movant plead guilty but prior to sentencing.  In Riley, the Supreme Court held that law enforcement officers may not search an arrestee's cell phone incident to his or her arrest without first obtaining a warrant.  Id.  Even assuming that the searches of any cell phones at issue in this case were warrantless, the Riley decision would not have led to the suppression of any evidence.  As Respondent points out, there was binding appellate precedent at the time of the searches in the instant case that would have provided law enforcement officers a reasonable basis upon which to believe that searching movant's cell phones was constitutional.  See ECF No. 86 at 14-15 (citing People v. Diaz, 51 Cal. 4th 84, 101 (2011)); see also United States v. Lustig, 830 F.3d 1075 (9th Cir. 2016) (holding that "binding appellate precedent at the time of the searches did provide a reasonable basis to believe the searches were constitutional" and thus the good faith exception to the exclusionary rule precluded the suppression of any evidence obtained from the search); Davis v. United States, 564 U.S. 229, 249-50 (2011) (concluding that the good faith exception applies when police conduct a search "in objectively reasonable reliance on binding appellate precedent.").  Thus, movant cannot demonstrate that counsel's decision not to file a suppression motion resulted in any prejudice under the Strickland standard.[4]

Movant also asserts that counsel was ineffective for failing to withdraw the plea agreement based upon movant's request.  However, in order to withdraw his guilty plea prior to sentencing, movant's counsel would have had to demonstrate "a fair and just reason" pursuant to

---

[4] In light of this finding that the motion was futile, the court finds it unnecessary to address whether counsel would have been able to set aside movant's guilty plea in order to file such a suppression motion.

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. A fair and just reason has been interpreted to include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason that did not exist when the defendant entered his guilty plea. See United States v. Turner, 898 F.2d 705, 713 (9th Cir. 1990). Movant does not identify any such circumstance that his counsel could have relied upon to file a motion to withdraw his guilty plea. Accordingly, movant fails to demonstrate that his attorney's conduct was deficient. The undersigned recommends denying relief on this claim based on lack of deficient performance. See Strickland, 466 U.S. at 668.

In a separate claim for relief, movant asserts that his attorney was ineffective for failing to investigate Victim Two's HIV status. This claim repeats much of the information contained in the claim challenging defense counsel's failure to object to this portion of the victim impact statement at sentencing. Based on the fact that Victim Two's HIV status was not considered by the court when determining movant's sentence, there is no prejudice resulting from any asserted deficient performance by counsel in this regard. See Strickland, 466 U.S. at 668. Accordingly, the undersigned recommends denying relief on this claim based on lack of prejudice.

**Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned has reviewed the pleadings and record in this case and concluded that the claims raised in the amended § 2255 motion do not warrant relief. If this recommendation is adopted by the district court judge assigned to your case, the amended § 2255 motion will be denied and your case will be closed. If you disagree with this outcome, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

**IV.     Summary**

For the reasons explained above, the files and records of this case conclusively demonstrate that movant is not entitled to relief. See 28 U.S.C. § 2255(b).

////

9

Accordingly, IT IS HEREBY RECOMMENDED that movant's amended motion to vacate, set aside, or correct his sentence (ECF No. 85) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/colw0073.f&r.docx