UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. COLWELL,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:12-cr-00073-TLN-CKD-1<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2255. On October 30, 2019, the court issued Findings and Recommendations that movant's amended motion to vacate, set aside, or correct his sentence be denied. ECF No. 112. Prior to filing his objections, movant filed an addendum to his amended § 2255 motion raising a new claim for relief. ECF No. 115. The court construes the addendum as a motion for leave to file a second amended § 2255 motion. So construed, the motion will be denied for the reasons explained below.

Amendments of pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. This rule "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases." James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000) (quotation marks and citation omitted). According to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires" even after a responsive pleading has been filed. Denial of a motion for leave

1

to amend a pleading is proper only when "there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted).

In this case, there is strong evidence of undue delay as well as undue prejudice to the opposing party. Movant's amended § 2255 motion was filed on May 11, 2016 and this motion to amend was not docketed until December 2, 2019. Even accepting movant's allegations that he originally attempted to file this motion on October 7, 2019, that is still three years after the government's opposition was filed. Moreover, this case was fully briefed and submitted to the court for adjudication on July 21, 2016, the date movant filed his reply. This extraordinary period of delay is not explained by the Supreme Court cases from 2015 and 2018 that movant now relies upon in support of his new claim for relief.

Additionally, this court issued its Findings and Recommendations on movant's amended § 2255 motion on October 30, 2019. The court has recommended that the amended § 2255 motion be denied. At this procedural juncture, allowing movant to further amend his § 2255 motion would unduly prejudice the government.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's addendum to his amended § 2255 motion (ECF No. 115) is construed as a motion for leave to amend.
2. So construed, the motion is denied.

Dated: December 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/colw0073.m2amend.docx