UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP J. COLWELL,<br><br>Defendant. | No. 2:12-cr-00073-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Phillip J. Colwell's ("Defendant") unopposed Petition for Writ of Mandamus (ECF No. 132), Motion for 90-Day Extension of Time to File a Motion for Reconsideration (ECF No. 135), and Motion for Reconsideration (ECF No. 137). For the reasons set forth below, the Court DENIES Defendant's motions.

On February 23, 2012, Defendant was charged with using the mail or a facility of interstate commerce to induce a minor to engage in unlawful sexual conduct, transmitting obscene materials to a minor, and producing visual depictions of a minor engaged in sexually explicit conduct. (ECF No. 3.) On April 13, 2012, Defendant entered a guilty plea to all three counts in the indictment. (*See* ECF Nos. 13, 15.) On July 10, 2014, the Court sentenced Defendant to 360 months imprisonment and a lifetime term of supervised release. (ECF No. 52.)

Defendant filed his original motion to vacate, set aside or correct his sentence on April 18, 2016. (See ECF No. 77.) Defendant filed an amended § 2255 motion on May 11, 2016. (ECF

No. 85.) In his amended § 2255 motion Defendant raised twelve separate ineffective assistance of counsel claims some of which contain numerous sub-claims. (ECF No. 85 at 4-17.) On March 24, 2020, the Court adopted the magistrate judge's findings and recommendations in full and denied Defendant's amended § 2255 motion. (ECF Nos. 126, 127.) Defendant appealed this Court's order on October 14, 2020, and the matter is currently pending before the Ninth Circuit. (ECF No. 133.)

On September 8, 2020, Defendant filed a petition for writ of mandamus requesting his full case file from previous defense counsel Michael Aye "to build a defense case for [his] § 2255 motion."[1] (ECF No. 132 at 2.) Defendant also filed a motion for a 90-day extension of time to file a motion for reconsideration on October 19, 2020 (ECF No. 135),[2] and he filed a motion for reconsideration on October 29, 2020 (ECF No. 137.)

All of Defendant's pending motions relate to his denied § 2255 motion, which is on appeal before the Ninth Circuit. The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). Federal Rule of Criminal Procedure ("Rule") 37(a) provides in relevant part that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). After carefully considering Defendant's arguments, the Court exercises its discretion under Rule 37 to deny Defendant's motions based on a lack of jurisdiction.

///

///

---

[1] The magistrate judge previously denied a similar request, stating "the court has no reason to believe that [Mr. Aye] has not included all relevant materials." (*See* ECF No. 104 at 2).

[2] This is the third motion Defendant has filed seeking an extension of time for filing a motion for reconsideration of his denied § 2255 motion. (See ECF Nos. 128, 130.)

Accordingly, the Court DENIES Defendant's Petition for Writ of Mandamus (ECF No. 132), Motion for 90-Day Extension of Time to File a Motion for Reconsideration (ECF No. 135), and Motion for Reconsideration (ECF No. 137).

IT IS SO ORDERED.

DATED: December 9, 2020

Troy L. Nunley
United States District Judge